No. 19,704.

H. A. Cox, *Appellee,* v. W. K. Stambaugh and Sarah Stam-
baugh, *Appellants.*

No. 19,705.

Guy Foster, *Appellant,* v. H. A. Cox, *Appellee.*

### SYLLABUS BY THE COURT.

1. SALE OF LAND—*Conveyance to Third Party with Covenant—Liability
   for Breach of Covenant.* If an owner contract to sell his land, before
   conveyance the purchaser sell to a second vendee, and by mutual
   agreement of all parties a single deed containing a covenant against
   incumbrances be made by the first vendor to the second vendee, the
   covenantor is liable to the covenantee for breach of the covenant.

2. SAME—*Vendor in Default Not Entitled to Rescind.* If, under the cir-
   cumstances described, the covenant against incumbrances be broken,
   the incumbrances be not removed, the grantee in the deed be not in-
   demnified and he sue the covenantor for damages for breach of the
   covenant, the vendor from whom the grantee purchased can not then
   invoke the equitable remedy of rescission for failure of the grantee to
   perform an oral agreement forming a part of the consideration for
   the deed.

3. TRIAL—*No Error in Record.* Assignments of error relating to a de-
   nial of an application to interplead, the sustaining of an attachment,
   and a refusal to make a finding of fact held to be without merit.

Appeal from Barber district court; PRESTON B. GILLETT,
judge. Opinion filed December 11, 1915. Affirmed.

*Samuel Griffin,* of Medicine Lodge, for the appellants.

*A. L. Noble,* of Winfield, and *J. N. Tincher,* of Medicine
Lodge, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action of *Cox v. Stambaugh* was one for
damages for breach of a covenant against incumbrances con-
tained in a warranty deed. The plaintiff recovered and the
defendants appeal. The action of *Foster v. Cox* was one to
rescind the transaction whereby Cox acquired the land con-
veyed by the deed and to compel Cox to deed the land to Foster.
Cox recovered and Foster appeals.

On August 12, 1913, Foster traded shares of corporate stock for Stambaugh's land. Before conveyance, and on August 14, 1913, Foster sold the land to Cox. Cox paid Stambaugh $2000 in cash, assumed a mortgage of $4000, and by mutual agreement of all parties received a deed from Stambaugh warranting against incumbrances except the four-thousand-dollar mortgage. As between Cox and Foster a part of the consideration was that Foster reserved the right to sell the land within a year for cash at a price exceeding $6000. In the event of such a sale Cox was to make a deed to the purchaser and the amount received above $6000 was to be divided between Cox and Foster. This arrangement rested entirely in parol. Finding the land to be incumbered by two mortgages, one for $1000 and one for $420, which the negotiations had not disclosed, Cox commenced the action against Stambaugh on September 18, 1913. Stambaugh and Foster knew about the mortgage for $1000, which was owned in Texas. When Cox learned of it $1000 of the money which he had paid to Stambaugh was by agreement placed in a bank to take up the mortgage whenever it should be forwarded to the bank. The deposit, however, was in Stambaugh's name, and it was withdrawn by Stambaugh under Foster's direction and was not used to take up the mortgage. In October, after Cox sued Stambaugh, Foster made a quick sale of the land to one W. D. Stone for $7500. Cox refused to convey to Stone and refused to pay Foster $750 as one-half the profit on the sale above $6000. Foster then took $250 of the money which had been in the bank and tendered it to Cox to liquidate the thousand-dollar mortgage, claiming that this sum and $750, Foster's share of the profit on the Stone sale, satisfied the covenant against incumbrances in Stambaugh's deed to Cox. The tender was refused. Foster then asked leave to intervene in the case of *Cox v. Stambaugh.* In his petition he alleged that the covenant of warranty was in fact his own, pleaded the oral agreement, the sale to Stone, Cox's refusal to convey and refusal to pay Foster $750, the tender to Cox and its refusal, and alleged that the $420 mortgage was really only interest on the $4000 mortgage which Cox had assumed. The prayer was for rescission and for a conveyance from Cox to Foster. The application to intervene was denied. Foster did not appeal

but commenced the separate action of Foster against Cox, the petition being substantially a duplicate of the interplea. Stambaugh, however, appeals from the denial of Foster's application.

Stambaugh has had no application overruled and so has nothing on which to base an assignment of error. It was Foster's application which was overruled. Foster made no complaint about the court's ruling, abandoned the interplea, and chose another remedy. If the court had abused its discretion as against Foster it would have made no difference to Stambaugh. He could defend and did defend by setting up such parts of the interplea as he desired to appropriate. Besides all this, Stambaugh contends the case against him and the case of *Foster v. Cox* were really tried together and that one set of findings of fact covers both cases. While there were in fact separate trials, the evidence produced in Stambaugh's case, which was tried first, covered all the issues in Foster's case as fully as though his application to intervene had been granted. When Foster's case was tried it was agreed that the evidence introduced at the other trial should be considered. The court made but one set of findings of fact. These findings covered all the issues in both cases and were clearly intended to dispose of both cases. But the findings of fact were filed in Stambaugh's case and consequently he is without shadow of right to complain because Foster was not allowed to interplead.

As between Stambaugh and Foster a covenant against incumbrances was coming to Foster. As between Foster and Cox a covenant against incumbrances was coming to Cox. It was arranged that Stambaugh should make the covenant direct to Cox. All parties were satisfied, the covenant was made that way, and Stambaugh is liable to Cox for breach of the covenant under elementary principles of the law of contracts.

The covenant against incumbrances was broken because of the existence of the mortgage for $1000. The covenant was broken as soon as it was made, on August 14. A good tender made in October of the amount of the mortgage would not have defeated the action commenced on September 18. If kept good such tender would have stopped interest, and if

brought to the attention of the court by an offer to confess judgment would have stopped costs, but that is all. The whole tender business, however, was a farce. It was not sufficient in amount, conceding Cox was liable to Foster for refusing to carry out the sale to Stone. The mortgage bore interest and the sum of $1000 would not satisfy it. The tender required an admission of liability on the part of Cox for refusing to carry out the Stone sale and required satisfaction of that liability. There was no pretence of keeping the tender good and, as a matter of fact, it was not mentioned in Stambaugh's answer.

The covenant against incumbrances was also broken because of the existence of the $420 mortgage. The court made the following finding of fact:

"Seventh: In addition to the said $4000.00 mortgage recited in the exception clause of said deed, there was also a valid subsisting mortgage resting against said land for the sum of $420.00 at the time of the deed by the said Stambaugh and wife to the said Cox, and there now remains due on said mortgage the sum of $————.

"This $420.00 mortgage above referred to is what is known as a commission mortgage. The loan was negotiated for 7 per cent for five years and 2 per cent of this, amounting to $420.00 was put in a second and what is known as a commission mortgage.

"At the time the said Stambaugh and wife deeded the said land to the said Cox he did not know of the existence of the said $420 mortgage or the amount remaining due thereon."

The correctness of this finding is not disputed, but Stambaugh complains that the court refused to make a finding that Cox assumed the $420 mortgage as interest on the $4000 mortgage. There is no testimony abstracted which would sustain such a finding. In his statement of the case Stambaugh refers to some of the preliminary negotiations in which interest payments were discussed. The matters thus presented would not sustain the finding requested. The deed shows what Cox assumed and the written obligation could not be enlarged by parol evidence.

While the actions were pending, and in February 1914, F. D. Foster, a brother of Guy Foster, advertised a sale of all of Stambaugh's personal property. Cox promptly attached on the ground of attempted conversion and disposal of property with intent to defraud. Stambaugh filed a motion to discharge on the ground that the affidavit for attachment was untrue. F. D.

Foster filed a motion to discharge on the ground that he owned the property. At the hearing Stambaugh and F. D. Foster testified to a sale of the property to Foster in October, 1913, and the bill of sale was produced. The court sustained the attachment. F. D. Foster did not appeal but Stambaugh does appeal. Stambaugh has no right to appeal unless the denial of his motion to dissolve the attachment prejudiced him. If the testimony were true and the bill of sale were genuine he is not hurt, because the property belonged to F. D. Foster and F. D. Foster does not complain. If the testimony were not true and the bill of sale were not given in good faith Stambaugh and F. D. Foster were guilty of fraud. Cox abstracts testimony abundantly sufficient to warrant the district court to draw the inference of fraud.

The result is that the judgment against Stambaugh must be affirmed, and it is so ordered.

As already indicated, the action of Foster against Cox was one for rescission. The deed to Cox recited a consideration of one dollar and other valuable considerations. The true consideration could be shown by parol evidence. When the parol evidence was all in it appeared that the consideration for the sale of the land by Foster to Cox consisted of three elements: $2000 in cash which Cox paid; payment of a $4000 mortgage on the land, which Cox assumed; a parol agreement by Cox to convey to a purchaser produced by Foster within a year for a price above $6000, the excess above $6000 to be divided. The equitable ground for rescission was nonperformance of the last part of the consideration stated, whereby Foster lost $750. The general rule is that equity will not rescind an executed conveyance of real estate for mere failure to pay an installment of the consideration. Unless there be fraud, mistake, insolvency of the grantee, or other recognized ground of equitable interference the vendor will be remitted to his legal remedy. Likewise, generally, failure to perform some promised act other than the payment of money forming part of the consideration for an executed conveyance gives the vendor no right of rescission unless the promise amount to a condition. Except perhaps in the case of "support" deeds, and some others, the promise is regarded not as a condition subsequent, but as a covenant giving rise to an action at law in case of

breach. In this instance the parol promise of Cox was of such a nature that no action at law could be maintained upon it because of the statute of frauds, but it is not necessary to discuss the consequences of this fact. It is a fundamental principle of equity that a party who is himself wrongfully in default respecting some duty attaching to his side of the contract can not demand rescission. Foster undertook to convey to Cox land unincumbered except by a specified mortgage. The land was incumbered by two other mortgages, and the covenant in the deed which Foster furnished to Cox was broken as soon as it was made. Having in good faith accepted a covenant from Stambaugh, Cox was obliged to rely upon it and he promptly brought suit for its breach. As already shown, the subsequent tender by which Foster undertook to relieve the default was an idle performance. What Foster then undertook to do, first by interplea and then by action, was to use the equitable remedy of rescission to defeat a liability already incurred, and so to extricate himself and Stambaugh from the consequences of their own wrong. It is scarcely necessary to cite authorities to show that equity does not lend its aid to such enterprises.

The result is the judgment in favor of Cox in the second action must be affirmed, and it is so ordered.